Chief Justice Bott.e
delivered the Opinion of the Court.
The appellants, who were defendants in the circuit court, holding under distinct legal titles several parcels of land, the appellees filed their bill claiming a superior equity to the land devised to them as the heirs of Robert Terrel, in virtue of an entry made in the name of their ancestor under the laws-of Virginia. The circuit court sustained their entry, and decreed to them a part of the land in controversy, and the defendants have appealed to this court.
Before wo examine the validity of the complainants entry', it is necessary to dispose of several objections taken by the assignment of errors to the proceedings in the cause.
The first of these objections is, that the complainants in their bill, have not avered that their survey was made agreeable to their entry.
The complainants in their bill, after setting forth the entry and alleging it possessed the qualities required by law, aver “that they have had the same surveyed and obtained thereon a patent.” This averment, though not as full and precise as it might have been is, we. think, suilicieut. An entry in its literal sense signifies nothing hut the description given in the surveyor’s book of the laud intended to he appropriated; but it is often used to signify the land describe. It is in this sense we alvyays use the *132 term when we speak of an entry being surveyed, or of surveying an entry; and when, therefore, we say that an entry iias been surveyed, we do not mean that the description given in the survey’s book has been surveyed, which would be sheer nonsense; but we mean that the land thereby described has been surveyed; so when the complainants after setting forth their entry and alleging it possessed the requisite qualities of a vaiid entry, aver ‘"that they have had the same surveyed,” they must be understood to mean, not that they have had the description given in the surveyor’s entry hooks surveyed., but that they have had the land thereby described, surveyed; and taken in this sense, the averment must/ at least to a eommon intent, be deemed, equivalent to an averment that the survey had been made agreeable to. the entry, or in conformity to its calls. 'Vhis objection, cannot, therefore, be sustained,
Hairy, its á^riifiícatiou.
The name o f one bf the heirs complainants which had peon omitted on filing the bill may be inserted with the otters by leave of the ciourt.
JDofendent'sin saoh case who had answered inay after-wards amend.
A s.ecofid objection to the proceedings is taken to the insertion of some of the names of the heirs of Terre! in the bill pending the suit, and after one of the defendants had answered. This was done on motion, by IpaVe of the court, proof being made that the names so inserted in the bill had been given to their attorney before the originial bill was drawn, and that their names were omitted by mistake. That those whose names were inserted in the bill were necessary parties, and that they liad a right to come in and be made complainants cannot be doubted, an.d as they had a right to be made complainants, the particular mode of doing it cannot be very material; For if, in anymore formal mode of doing it, the defendants in consequence of all the names of the complainants not having been inserted in the original bill, would have had a right to insist upon any matter of defence of which they could not otherwise have availed themselves; so, we apprehend, they would have the same right in the mode that was adopted. The defendants who had not answered, might of course do so, and the defendant who had answered might have accomplished the same thing by an amended answer. To undo that, therefore, which had. been dose, For the mere purpose of *133 having it done in some other mode, would be vain and useless.
In a bill on an entry for a release of the legal title to land possessed by tho widow holding a life estate and in which the heirs of her husband have the reversion the licirs must be made defendants.
Where dofefidaa(s hold unc^ claims-suit may bo dismissed as *°aa°m0°r’ f?¿. tiés and tried on the merits g*sto t!lc oUl*
William Es-, entry of haMsuifi“cs oient.
James Esiill’a of 60(J
A third objection to the proceedings, and the only other one we shall notice, is that the heirs of Robert Jones ought to have been, but were not made defendants. Margaret Joses was made a defendant, as the widow of Robert Jones, ami she, in her answer, alleges that she has but a life estate in the land, and insists that the heirs ought to be made defendants. The heirs were certainly necessary parties, and ought to have been brought before the court. They were interested, not only because the widow, in case of eviction, might recover other lands for her dower, but because the decree against her would change th,e possession, and convert it from a friendly to a hostile one, and besides, as they had the fee in them, the controversy with respect to the title could not be finally settled unless they were parties. The circuit court ought therefore, to have dismissed the hill as to Margaret Jone9, without prejudice unless the complainants, in a reasonable time fixed by the court, would have had the heirs brought before the court.
But as the other defendants claim under different titles, they cannot be affected by the disposition of the suit as to her,* and it is therefore, necessary, as it relates to them, to investigate the merits of the complainants entry, and the mode of surveying it.
It depends upon a chain of entries, the first of which is for five hundred acres of land in the name of Yr allace Estill, and calls to lie ‘ton an east branch “ of Muddy Creek, about two miles west of the 5< Mulberry Lick, running up and down the branch “ for quantity.”
This entry was established by the decision of this court in the case of Clay vs. Harris, 4 Bibb, 153$ and the evidence in this case in support of the ideatity and notoriety of the objects called for by the entry, is at ieast as strong as in that, and is, in our opinion, amply sufficient to warrant the same decision sustaining the entry.
The entry which forms the next link in the chain, is for five hundred acres in the name of James Estil! stud calls to adjoin (he preceding f*below, and run *134 “ down the branch for quantity;” and the entry which is next in the chain., is for four hundred and fifty acres, in the. name of John Terrel, and cal Its to adjoin the preceding, “below and run down the branch for quantity,” it is upon this last entry, in the name of John Terre!, that the. entry under whirl) the, complainants derive their'title immediately depends; the calis of which are—
■Tolin Tor-roll’s entry of 450 aceres.
Complainants qniry.
An entry to iio on a creek above a prior entry fixed on a branch rao» ning into it nt right angles and binding on the creek, shult include the orcclcbnl he on the same sale with (lie other entry and e\1< nil out on its upper line as to the creelr,mul up the cede, equal (listanees, on direct (ím;s ¡or quan^i- ■
“Lying on Muddy Creek, adjoining John Ter- “ rei above.”
Ail the preceding entries, it will be remarked, cal! to lie on the same branch of Muddy Creek, and to lie below each other successively.
The exact mode in which they ought to he surveyed need not he determined, for let them bo surveyed in any manner they may, in as nearly square figures as practicable, they will oocnpy almost the .whole of the branch on which they call to lie, and of-course .the lower line, of John Terrors entry will approximate within a very short distance of Muddy Creek; and 41s the general course of Muddy Creek, and that of the branch on which those entries call to lie for some distance above their junction, are nearly at right angles to each other it is plain that John Terrel's entry would have two upper sides; one in relation to the branch on which it rails to lié, and the other in relation to Muddy creek. Had the entries of the complainants, therefore, no other cal! than thaj; of “adjoining John Terrel above,” it would he wholly uncertain and could not be sustained; hut the rail for “lying on Muddy Creek,” indicates clearly the intention of the locator to adjoin John Terrel's upper side in relation to Muddy creek, and thus removes all ambiguity which would otherwise have attended the entry. The complainant’s entry should, therefore, be surveyed on the western side of John Terrel, which would he adjoining his upper sido in relation to Muddy creel:, and as John Terrel’s entry, when properly surveyed, would lie. wholly on the southern side of Muddy creek, the complainant’s entry ought to be surveyed on the same side, barely including the creek, the line on the creek, when reduced to a straight one, and that iron), the creek and binding *135 on the western side of John Terrel's enfry being extended the same distance, and such a length as will include the quantity of acres culled for. When thus surveyed, it will include not a foot of the land decreed by the circuit court to the. complainants; but it will include some of the huid in controversy, -and which is included in the origin. survey as made, and for so much they will be entitled to a decree against such of the defendants as have the legal title.
Turner for appellants; Caperton for defendants.
The decree must be reversed with costs, and the cause bo remanded to the circuit court for further proceedings, to be had in conformity to this opinion.